NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN BERRY, DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT,**
*Petitioner,*

**v.**

**RHONDA K. CONYERS AND DEVON HAUGHTON NORTHOVER,**
*Respondents,*

**and**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3207

---

Petition for Review of the Merit Systems Protection Board in consolidated case nos. CH0752090925-R-1 and AT0752100184-R-1.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON*, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges*.

---

\* Judge Bryson assumed senior status on January 7, 2013, after participating in the decision regarding rehearing en banc.

PER CURIAM.

## O R D E R

Separate petitions for rehearing en banc were filed by Respondent Merit Systems Protection Board ("MSPB") and Respondents Rhonda K. Conyers ("Conyers") and Devon Haughton Northover ("Northover"). A single response was invited by the court and filed by Petitioner.

The petitions for panel rehearing were considered by the panel that heard the appeal, and thereafter the petitions for rehearing en banc, response, and brief of amici curiae were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petitions for panel rehearing of Respondent MSPB and Respondents Conyers and Northover are denied.

(2) The petitions for rehearing en banc of Respondent MSPB and Respondents Conyers and Northover are granted.

(3) The court's opinion of August 17, 2012 is vacated, and the appeal is reinstated.

(4) The parties are requested to file new briefs. The briefs should, inter alia, address the following issues:

a. Does the Supreme Court's ruling in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), foreclose MSPB review of the merits of determinations that an employee is ineligible for a "sensitive" position, or is the ruling confined to determinations that an employee is ineligible to hold a security clearance?

b. To what extent, if any, has Congressional action pre or post-Egan demonstrated that Congress intended to preserve MSPB review of adverse actions with respect to employees holding "sensitive" positions that do not involve intelligence agencies or security clearances?

c. What are the differences between the relevant processes and criteria associated with obtaining security clearances, and those involved in determining whether an individual is deemed eligible to hold a "non-critical sensitive" or "critical sensitive" position that does not require a security clearance?

d. What problems, if any, would the MSPB encounter in determining adverse action appeals for employees holding "sensitive" positions not requiring a security clearance; to what extent should the MSPB defer to the agency's judgment on issues of national security in resolving such adverse action appeals?

(5) This appeal will be heard en banc on the basis of the additional briefing ordered herein and oral argument. An original and 30 copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. The en banc briefs of Conyers, Northover, and the MSPB are due 45 days from the date of this order. The en banc response brief is due within 30 days of service of the new en banc briefs of Conyers, Northover, and the MSPB, and the reply briefs within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) The court invites the views of amici curiae. Any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) Oral argument will be held at a time and date to be announced later.

FOR THE COURT

January 24, 2013                    /s/ Jan Horbaly
        Date                        Jan Horbaly
                                    Clerk


cc:  David A. Borer, Esq.
     Joseph F. Henderson, Esq.
     Andres M. Grajales, Esq.
     James M. Eisenman, Esq.
     Keisha Dawn Bell, Esq.
     Jeffrey A. Gauger, Esq.
     Stuart F. Delery, Esq.
     Beth S. Brinkmann, Esq.
     Marleigh D. Dover, Esq.
     Charles W. Scarborough, Esq.