**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TERRY WHITNEY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-09-0248-I-5 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: September 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andres M. Grajales, Esquire, Washington, D.C., for the appellant.

Connie Asher and Hannah Meils, Indianapolis, Indiana, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The agency has filed a petition for review of the initial decision, which reversed the agency's removal action. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the agency's petition for review, REVERSE the initial decision, and SUSTAIN the appellant's removal.[2]

¶2    The agency removed the appellant from his Accounting Technician position with the Defense Finance and Accounting Service (DFAS) based on a decision of the Washington Headquarters Service (WHS) Clearance Appeal Board (CAB) to sustain the decision of the WHS Consolidated Adjudications Facility (CAF) denying the appellant eligibility to occupy a non-critical sensitive (NCS) position. MSPB Docket No. CH-0752-09-0248-I-1 (I-1), Initial Appeal File (IAF), Tab 8, Subtabs 4a, 4b, 4d.

¶3    After a hearing on appeal, the administrative judge reversed the removal action. MSPB Docket No. CH-0752-09-0248-I-5 (I-5), IAF, Tab 15, Initial Decision (ID) at 2, 23. Applying the Board's decision in *Conyers v. Department of Defense*, 115 M.S.P.R. 572 (2010), the administrative judge found that the Board may review the merits of the agency's decision to deny the appellant eligibility to occupy an NCS position and that the agency must prove that the removal action is supported by preponderant evidence, promotes the efficiency of the service, and is a reasonable penalty. ID at 10-11. The administrative judge held that the agency failed to prove its charge that the appellant is ineligible to occupy an NCS position, failed to show that discipline for the appellant's conduct promoted the efficiency of the service, and failed to prove that the penalty of removal was reasonable even assuming that the agency had properly sustained its charge. ID at 11-21. Regarding the penalty, the administrative judge found that the deciding official did not truly determine the penalty because he had no choice but to remove the appellant and that the real decision-makers were the CAB, through its decision upholding a letter of decision issued by the WHS CAF, and

_____

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012. We note, however, that the petition for review in this case was filed before that date. Even if we considered the petition under the previous version of the regulations, the outcome would be the same.

the agency's human resources department, through its instruction to remove the appellant from service. ID at 21. The administrative judge noted that the deciding official testified that he did not know of any positions not requiring a NCS clearance and that the record did not demonstrate that the deciding official viewed the appellant's conduct as warranting removal or that he had an opportunity to mitigate the penalty. ID at 21. Finally, the administrative judge found that the appellant did not prove his affirmative defenses of discrimination. ID at 21-23.

¶4 The agency asserts on review that the administrative judge erred in applying *Conyers* because that decision was not yet final and should have applied an abuse of discretion standard in reviewing the agency's decision to deny the appellant eligibility to occupy an NCS position. I-5, Petition for Review (PFR) File, Tab 1 at 8-12. The agency also challenges that administrative judge's findings on the merits of the appeal. *Id*. at 12-17. The appellant has filed an opposition to the agency's petition for review. PFR File, Tab 3.[3]

¶5 The Clerk of the Board thereafter issued an Order informing the parties that the court's decision in *Gargiulo v. Department of Homeland Security*, 727 F.3d 1181 (Fed. Cir. 2013), may affect the outcome of the case and inviting the parties to file briefs addressing the possible application of *Gargiulo* to the appellant's constitutional due process claims. PFR File, Tab 4. The parties did not respond to the Order issued by the Clerk of the Board. *Id*., Tab 6.[4]

---

[3] The appellant has not filed a cross petition for review of the administrative judge's determination that he did not prove discrimination. Nevertheless, in light of the Board's limited review in these types of appeals, as set forth below, we lack jurisdiction over the discrimination claims and cannot address them on the merits. *See Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 40 (2012) (the Board generally cannot decide a claim of discrimination in an appeal from an action that was based on the suspension or revocation of access to classified material because deciding the discrimination allegation would involve an inquiry into the validity of the agency's reasons for deciding to revoke the appellant's access to classified information).

[4] The appellant has filed a motion for leave to file a supplemental notice concerning the application of *Gargiulo* to his constitutional due process claim. PFR File, Tab 7. The

¶6        In *Conyers*, 115 M.S.P.R. 572, ¶ 13, and *Northover v. Department of Defense*, 115 M.S.P.R. 451, ¶ 13 (2010), the Board held that the U.S. Supreme Court's decision in *Department of the Navy v. Egan*, 484 U.S. 518 (1988), limited Board review of an otherwise appealable action only if that action was based upon a denial, revocation, or suspension of a "security clearance," i.e., a denial of access to classified information or eligibility for such access.  Accordingly, the Board found in *Conyers* and *Northover* that an adverse action based on the agency's decision that an employee was not eligible to occupy an NCS position was subject to the same review as other actions under 5 U.S.C. chapter 75, including review of the merits of the agency's decision on eligibility.  *See Conyers*, 115 M.S.P.R. 572, ¶¶ 13, 32-34; *Northover*, 115 M.S.P.R. 451, ¶¶ 13, 30-33.

¶7        A divided U.S. Court of Appeals for the Federal Circuit panel reversed the Board's decisions in *Conyers* and *Northover*, holding that the Board cannot review the merits of an agency's national security determinations regarding an employee's eligibility to occupy a sensitive position that implicates national security.  *Berry v. Conyers*, 692 F.3d 1223, 1225, 1237 (Fed. Cir. 2012).  The court later vacated the above panel decision and granted a rehearing en banc. *Berry v. Conyers*, 497 F. App'x 64 (Fed. Cir. 2013).  The court then issued an en banc decision in which a majority of the court reversed and remanded the Board's decision in *Northover* and dismissed the appeal in *Conyers* for lack of jurisdiction.  *Kaplan v. Conyers*, 733 F.3d 1148, 1150-52, 1166-67 (Fed. Cir. 2013), *cert. denied*, *Northover v. Archuleta*, 134 S. Ct. 1759 (2014).  In its en banc decision in *Conyers*, 733 F.3d at 1158-60, the Federal Circuit held that *Egan* prohibits Board review of Department of Defense national security determinations concerning the eligibility of an individual to occupy a "sensitive" position, regardless of whether the position requires access to classified information.  In

Clerk of the Board granted the motion, PFR File, Tab 8, and we have considered the parties' submissions, *id.*, Tabs 9-10.

support of this holding, the court found that "there is no meaningful difference in substance between a designation that a position is 'sensitive' and a designation that a position requires 'access to classified information.'  Rather, what matters is that both designations concern national security."  *Id*. at 1160.  Accordingly, under the Federal Circuit's decision in *Conyers*, the limited scope of review set forth in *Egan* applies to appeals such as this one, where an adverse action is based on the decision that an employee is not eligible to occupy an NCS position.  *See id*. at 1158-60; *Ingram v. Department of Defense*, 120 M.S.P.R. 420, ¶ 9 (2013).

¶8        In *Egan*, the Supreme Court held that the Board does not have authority to review the substance of a security clearance determination, contrary to what is required generally in other adverse action appeals.  *Egan*, 484 U.S. at 530-31.  The Court held that, in an appeal under 5 U.S.C. § 7513 based on the denial of a security clearance, the Board has authority to review only whether:  (1) an executive branch employer determined that the employee's position required a security clearance; (2) the clearance was denied or revoked; (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513; and (4) transfer to a non-sensitive position was feasible when another source, such as a statute or regulation, provides the employee a substantive right to such reassignment.  *See Conyers*, 733 F.3d at 1151 (citing *Egan*, 484 U.S. at 530); *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed. Cir. 1989); *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 14 n.5 (2014).  The Court ruled that "[n]othing in the [statute enacting 5 U.S.C. § 7513] . . . direct[ed] or empower[ed] the Board to go further."  *Egan*, 484 U.S. at 530.  Our review is therefore limited to the issues set forth in *Egan*.

¶9        In applying the limited scope of review under *Egan*, we must affirm the agency's removal action.  *See Ingram*, 120 M.S.P.R. 420, ¶¶ 12-13.  The appellant's position of Accounting Technician required that he maintain eligibility to occupy a non-critical sensitive position.  I-1, IAF, Tab 8, Subtab 4o; MSPB Docket No. CH-0752-09-0248-I-2, IAF, Tab 7, Exhibits 1-2; Hearing

Transcript (HT) at 69. Furthermore, the WHS CAF issued a letter denying the appellant eligibility for access to classified information and/or occupancy of a sensitive position. I-1, IAF, Tab 8, Subtab 4j; I-5, IAF, Tab 7 at 25-26. The CAB affirmed that decision. I-1, IAF, Tab 8, Subtab 4e. In addition, the agency complied with the procedural protections specified in 5 U.S.C. § 7513 in removing the appellant from his position. The agency provided the appellant with 30 days' advance written notice of the proposed removal, reasons for the proposed action, and a reasonable opportunity to reply. I-1, IAF, Tab 8, Subtab 4d; *see* 5 U.S.C. § 7513(b)(1)-(2). The agency notified the appellant of his right to be represented by an attorney and provided him with a written decision letter. I-1, IAF, Tab 8, Subtabs 4b, 4d; *see* 5 U.S.C. § 7513(b)(3)-(4). Therefore, the agency complied with the requirements of 5 U.S.C. § 7513 in removing the appellant. There is no indication that the agency was required to consider transferring the appellant to a non-sensitive position. *See* I-1, IAF, Tab 8, Subtab 1 at 4 n.1.

¶10 Regarding the due process issue in this case, employees do not have a property interest in access to classified information, and the termination of that access does not implicate any due process concerns. *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 9 (2014). Like a security clearance, the granting of eligibility to occupy a sensitive position is a matter within the Executive's broad discretion to make determinations concerning national security. *Id.* Therefore, just as it is obvious that no one has a right to a security clearance, it is likewise clear that an employee has no property interest in eligibility to occupy a sensitive position, and the denial of the appellant's eligibility to occupy a sensitive position is not itself subject to due process requirements. *Id.*

¶11 Nevertheless, by virtue of being an employee under 5 U.S.C. § 7511, and thus removable only for cause, the appellant did have a property interest in his continued employment. *Flores*, 121 M.S.P.R. 287, ¶ 10. Therefore, he was entitled to due process, including notice and a meaningful opportunity to respond,

prior to being removed. *Id*.; *see Gargiulo*, 727 F.3d at 1185 (although Mr. Gargiulo had no due process rights relating to the procedures used to determine whether to suspend or revoke his security clearance, he did have due process rights concerning his indefinite suspension). It is the appellant's removal, not his loss of eligibility to occupy a sensitive position, that triggered due process protections. *Flores*, 121 M.S.P.R. 287, ¶ 10. The Board may review the due process protections afforded in the removal proceedings without second guessing the underlying eligibility determination. *Id*.; *see Buelna*, 121 M.S.P.R. 262, ¶ 15 (the Court did not have occasion in *Egan* to decide if the Board was authorized to consider a claim that an agency denied due process in taking an adverse action based on a security clearance determination).

¶12        In *Buelna*, 121 M.S.P.R. 262, ¶¶ 3-4, 26-28, which involved an indefinite suspension based in part on the suspension of a security clearance, the Board held that, if there are "viable alternatives" to the indefinite suspension, due process requires that the employee be afforded an opportunity to invoke the discretion of a deciding official with authority to select such alternatives. The Board found that the right to invoke the deciding official's discretion exists only in such cases where there is doubt as to the appropriateness or necessity of the penalty, and that due process does not demand that the deciding official consider alternatives that are prohibited, impracticable, or outside management's purview. *Id*., ¶ 27.

¶13        The deciding official testified in this case that he had "no basis" to remove the appellant in the sense that he made his decision based solely upon the guidance he received from his human resources representative. HT at 42. He testified that all positions within DFAS were considered NCS and that there were no positions in his directorate that were designated non-sensitive to which he could have reassigned the appellant. HT at 43; *see* HT at 57, 65, 73 (testimony of a security specialist that all DFAS positions were designated at the sensitive level). The deciding official further testified that the appellant's oral and written responses to the proposal notice did not affect his decision because "there was

nothing I could do," and there were no positions that the appellant could be placed in that did not require eligibility to occupy a sensitive position. HT at 43. He testified that when he signed the decision letter he did not believe that he could decide not to sign it. HT at 52.

¶14    The appellant has not identified any viable alternatives to his removal in this case, and we find no such alternatives. Given the record evidence establishing that all positions within DFAS were classified as NCS, any alternative to removal that would have retained the appellant in his Accounting Technician position, reassigned him to another position within DFAS, or indefinitely assigned him to non-sensitive duties without his being assigned to a position in the civil service was either prohibited, impracticable, or outside the purview of DFAS management. *See* 5 U.S.C. § 2105(a)(1) (defining "employee" as an individual appointed in the civil service); 5 U.S.C. § 2101(1) (the "civil service" consists of all appointive positions in the executive, judicial and legislative branches); *Bracey v. Office of Personnel Management*, 236 F.3d 1356, 1359 (Fed. Cir. 2001) ("We are aware of no setting in the federal employment system in which an employee is considered to hold a 'position' consisting of a set of ungraded, unclassified duties that have been assigned to that employee on an ad hoc basis."); *cf. McFadden v. Department of Defense*, 85 M.S.P.R. 18, ¶ 20 (1999) (an agency is not obligated to accommodate a disabled employee by permanently assigning her to light-duty tasks when those tasks do not comprise a complete and separate position).

¶15    When an agency has effected an indefinite suspension without pay pending the completion of an investigation and/or resolution of an appellant's security clearance status, the Board has suggested that placement on administrative leave "may" be a viable alternative to suspension without pay. *See Buelna*, 121 M.S.P.R. 262, ¶¶ 4, 28. Here, however, there was no pending adjudication of the appellant's eligibility to occupy an NCS position. Rather, such eligibility had been denied and the appellant's removal had been proposed. Even assuming that

there was a "practicable" alternative in the sense that someone in DFAS management may have had the authority to create a non-sensitive position for the appellant to occupy, *see Haeuser v. Department of Law, Government of Guam*, 97 F.3d 1152, 1159 n.4 (9th Cir. 1996) (contrasting the terms "practicable" and "practical," with "practicable" referring to something that can be put into effect, and "practical" referring to something that is also sensible and worthwhile), the Board does not have the authority to determine whether such an alternative would be practicable, *see Skees v. Department of the Navy*, 864 F.2d 1576, 1578 (Fed. Cir. 1989) ("If the Board cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the Navy's judgment that the position itself requires the clearance."); *see also Conyers*, 733 F.3d at 1155 ("*Egan*, at its core, explained that it is essential for the President and the DOD to have broad discretion in making determinations concerning national security."). The Board is not permitted to second-guess the agency's determination to classify positions as NCS.  Accordingly, we find that the appellant has not established a due process violation in the absence of a showing that there were viable alternatives to his removal.  *Brown v. Department of Defense*, 2014 MSPB 74, ¶ 16; *see Buelna*, 121 M.S.P.R. 262, ¶¶ 26-28.

¶16        Accordingly, the agency's petition for review is GRANTED, the initial decision is REVERSED, and the appellant's removal is SUSTAINED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a].



FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.