**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICKY A. LEVA, | DOCKET NUMBER |
| Appellant, | AT-0752-11-0135-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: October17, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Stoller, Esquire, Orlando, Florida, for the appellant.

Kate Fulton and Lucille Olsavsky, Esquire, Washington, D.C., for the
agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
sustained his removal.  Generally, we grant petitions such as this one only when:
the initial decision contains erroneous findings of material fact; the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to reflect that a traditional *Douglas* factors analysis was not appropriate in this case, we AFFIRM the initial decision. The removal action is SUSTAINED.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     On petition for review, the appellant argues that the charge of failure to meet the requirements of his position cannot be sustained because his position did not in fact require a security clearance at the time of his removal. Petition for Review (PFR) File, Tab 1 at 24-26. However, the agency's charge was based not only on the denial of the appellant's security clearance but also on his failure to clear the background investigation. *See* Initial Appeal File (IAF), Tab 6 at 47. Where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army,* 918 F.2d 170, 172 (Fed. Cir. 1990). The charge may therefore be sustained if the agency shows by preponderant evidence that the appellant's position required him to clear a background investigation and that he failed to do so.

¶3     We find that the agency met its burden.  The position description indicates that the GS-2210 Information Technology (IT) Specialist position has been designated Critical Sensitive.  IAF, Tab 6 at 159; *see* Hearing Transcript (HT) at 51 (Moore).   The appellant does not dispute that the position has been so designated, and we lack authority to consider his challenge to the merits of that designation.  *Brady v. Department of the Navy*, 50 M.S.P.R. 133, 138 (1991).  The record further establishes that Customs and Border Protection (CBP) employees in Critical Sensitive positions are subject to a Single Scope Background Investigation (SSBI), with a Periodic Reinvestigation (PRI) every 5 years.  IAF, Tab 6 at 133, 137, Tab 23 at 146; *see* 5 C.F.R. § 732.203.  The appellant testified that he had last been investigated in 2001.  HT at 157-58.  Hence, in order to meet the requirements of his position, the appellant was required to clear an SSBI-PRI upon his return to duty in April 2007.  It is undisputed that the appellant did not clear the investigation, and we lack authority to review the substance of an agency's determination that an employee is not eligible to occupy a sensitive position.  *See generally Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013) (en banc).  The charge was therefore properly sustained.

¶4     The appellant further argues on review that the removal action on appeal was barred by the doctrines of res judicata and collateral estoppel.  PFR File, Tab 1 at 12-13.  This argument rests on a category error.  Res judicata and collateral estoppel concern the preclusive effect of a prior judicial proceeding on a subsequent judicial proceeding.  *See generally Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332 (1995).  An adverse action under chapter 75 is not a judicial proceeding and is simply not the sort of thing to which either doctrine might directly apply.  It appears that the appellant instead means to invoke the substantive rule that an agency may not impose a disciplinary action more than once for the same misconduct.  *See Adamek v. U.S. Postal Service*, 13 M.S.P.R. 224, 225-26 (1982).  The prohibition against double punishment is not an instance of claim or issue preclusion but is rather a "basic principle of civil service law,"

*Westbrook v. Department of the Air Force*, 77 M.S.P.R. 149, 155 (1997), analogous to the prohibition against double jeopardy in criminal cases, *Cooper v. Department of Veterans Affairs*, 117 M.S.P.R. 611, ¶ 5 (2012), *aff'd*, 515 F. App'x 897 (Fed. Cir. 2013).

¶5        The Board has held that, if successive disciplinary actions have different bases, although they may be related, they are not barred by the prohibition against double punishment. *See Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 13 (2009), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010). In its first removal action, later mitigated to a suspension, the agency charged the appellant with disgraceful conduct and misuse of a government-owned computer. IAF, Tab 23 at 159, 164, Tab 16, Subtab C. By contrast, the removal on appeal was not based on misconduct at all but rather on the appellant's inability to meet the requirements of the position due to his failure to clear the background investigation required for continued occupancy in a Critical Sensitive position. While the appellant's failure to clear the investigation was due in part to the same conduct that led to his prior discipline, the requirement that he clear a background investigation was not at issue in the first action. Moreover, we find no support for the appellant's contention that the agency conducted the background investigation in order to do an end run around the prohibition against double punishment. Rather, as discussed above, the appellant was due for a routine reinvestigation when he returned to duty in April 2007.

¶6        The appellant also argues on review that the agency failed to comply with the arbitrator's decision because it did not return him to a position that was the same as or comparable to the position he previously occupied. PFR File, Tab 1 at 20-24. This claim provides no basis for further review because the Board lacks authority to enforce an arbitration award. *See National Treasury Employees Union v. Office of Personnel Management*, 110 M.S.P.R. 237, ¶ 10 (2008).

¶7        The appellant further contends that the agency violated its own procedures in denying him a security clearance. PFR File, Tab 1 at 26-32. The Board would

ordinarily have jurisdiction to consider such a claim.  *See Romero v. Department of Defense*, 527 F.3d 1324, 1328-30 (Fed. Cir. 2008).  However, because the agency has withdrawn the specification that the appellant failed to obtain a security clearance, the claim is moot.  Moreover, to the extent that the background investigation may have been informed by the agency's mistaken belief that the appellant required a security clearance, the error was harmless because he was subject to the same investigative standard required for a Top Secret clearance, i.e., an SSBI, based on his occupancy of a Critical Sensitive position.  IAF, Tab 23 at 119, 146; *see* HT at 87 (Ritchhart).

¶8        Regarding the appellant's claim that the agency denied him due process, we first note that the appellant had no property interest in his eligibility to occupy a sensitive position.  *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 9 (2014).  Thus, the denial of his eligibility to occupy a sensitive position—i.e., his failure to clear the background investigation—is not itself subject to due process requirements.  *Id*.  Nevertheless, by virtue of being an employee under 5 U.S.C. § 7511, and thus removable only for cause, the appellant had a property interest in his continued employment.  *Flories*, 121 M.S.P.R. 287, ¶ 10. Consequently, he was entitled to due process, including notice and a meaningful opportunity to respond, prior to being removed.  *Id*.; *see Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1185 (Fed. Cir. 2013) (although Mr. Gargiulo had no due process rights relating to the procedures used to determine whether to suspend or revoke his security clearance, he did have due process rights concerning his indefinite suspension).[2]  It is the appellant's removal, not his loss of eligibility to occupy a sensitive position, that triggered due process protections.  *Flores*, 121 M.S.P.R. 287, ¶ 10.  The Board may review the due

---

[2] On review, the Board issued a show cause order inviting the parties to address the possible application of *Gargiulo* to the appellant's due process claim.  The appellant's initial response to the show cause order was timely but inadvertently left blank.  We herein GRANT the appellant's subsequent motion to accept his refiled response as timely filed.  Thus, we have considered the refiled response in reaching this decision.

process protections afforded in the removal proceedings without second guessing the underlying eligibility determination. *Id*.; *see Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 15 (2014).

¶9        As to the notice requirement of due process, we find that the agency adequately informed the appellant of the basis of its charge and the facts and evidence on which the deciding official relied, correctly or not, in deciding to remove him. *See* IAF, Tab 6 at 37-40, 47-48. While the deciding official turned out to be mistaken in his belief that the appellant's position required a security clearance, the appellant was nonetheless on notice that the proposed action was based in part on that alleged requirement.

¶10       As to whether the appellant received a meaningful opportunity to respond, we have held that, if there are viable alternatives to removal when an employee has been found ineligible to occupy a sensitive position, due process requires that the employee be afforded an opportunity to invoke the discretion of a deciding official with authority to select such alternatives. *Brown v. Department of Defense*, 2014 MSPB 74, ¶ 13. However, due process does not demand that the deciding official consider alternatives that are prohibited, impracticable, or outside management's purview. *Buelna*, 121 M.S.P.R. 262, ¶ 27.

¶11       We find that, in this case, the appellant has not shown that there were viable alternatives to removal. Had the appellant's eligibility for occupancy of a sensitive position not been fully adjudicated, continued placement in a nonduty status might have been a viable option, but the denial of his eligibility was final. *See Brown*, 2014 MSPB 74, ¶ 16. The record further reflects that no one within the appellant's organization had authority to alter the outcome of the background investigation. HT at 78-79 (Ritchhart). Under these circumstances, the appellant could not have been permitted to remain in the IT Specialist position. The deciding official testified that he considered the possibility of reassigning the appellant to a position not requiring a background investigation, either in CBP or elsewhere in the Department of Homeland Security, but determined that

reassignment was not feasible. HT at 88-91 (Ritchhart). In the absence of a statute or regulation requiring the agency to seek out alternative employment, we may not second guess that determination. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580-81 (Fed. Cir. 1989). Similarly, because we lack the authority to review position sensitivity designations, we may not consider whether CBP management could have redesignated an existing position as nonsensitive or created a new nonsensitive position for the appellant to occupy. *See Brown*, 2014 MSPB 74, ¶ 16. In the absence of viable alternatives to removal, we cannot conclude that the appellant was denied a meaningful opportunity to invoke the discretion of the decision maker. *See id.*

¶12 Finally, we reject the appellant's contention that the deciding official failed to give adequate consideration to the *Douglas* factors in deciding to remove him. *See* PFR File, Tab 1 at 33-34. While the administrative judge found below that the deciding official did consider the pertinent *Douglas* factors, we have since clarified that the traditional *Douglas* factors analysis does not apply where, as here, an adverse action is based not on misconduct, but rather on an employee's failure to meet the qualifications for a position or inability to perform its duties. *See Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014) (loss of a required security clearance); *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 17 (physical inability to perform); *Flores*, 121 M.S.P.R. 287, ¶ 12 (loss of eligibility to occupy sensitive position). The portion of the initial decision that addressed the *Douglas* factors is modified accordingly.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.