**Bruce A. BRACEY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 00–3034.**

United States Court of Appeals, Federal Circuit.

Jan. 17, 2001.

Neil C. Bonney, Neil C. Bonney & Associates, P.C., of Virginia Beach, VA, argued for petitioner.

Virginia M. Lum, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief was David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr ., Assistant Director. Of counsel on the brief was Paul St. Hillaire, Staff Attorney, U.S. Office of Personnel Management, of Washington, DC.

Before MAYER, Chief Judge, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

This case raises an important question regarding the eligibility of federal civilian employees for disability retirement. The Office of Personnel Management (OPM) and the Merit Systems Protection Board ruled that an employee is ineligible for disability retirement as long as the employee is retained at the same grade and pay, even if the employee is unable to perform the duties of his official position, and even if he is not transferred to a vacant position within the agency. Because that ruling is contrary to the language of the governing statute and regulations, we reverse.

I

Petitioner Bruce A. Bracey was a civilian employee of the Navy at the Naval Aviation Depot in Norfolk, Virginia, where he held the position of Electronics Worker, WG–2604–8. In 1991, he suffered several work-related injuries. As a result of his injuries, the Navy assigned Mr. Bracey to the light-duty shop at the facility where he worked. He worked there between 1991 and 1993, and again between April 1995 and September 28, 1996, when the Navy separated him as a result of a reduction in force that accompanied the closure of the Naval Aviation Depot. While he was assigned to the light-duty shop, Mr. Bracey retained the grade and pay of his Electronics Worker position, but the tasks he performed were not those of an Electronics Worker.

On September 13, 1996, before the facility was closed, Mr. Bracey filed an application for disability retirement. OPM, however, denied the application. It found that although his injuries prevented him from performing the duties of his Electronics Worker position, he was not entitled to disability retirement because his employing agency had accommodated his medical condition by providing him with light-duty work that was within his medical restrictions and was not temporary in nature.

Mr. Bracey appealed OPM's decision to the Merit Systems Protection Board. After a hearing, an administrative judge ruled that Mr. Bracey's application should have been granted. The administrative judge found that Mr. Bracey's assignment to the light-duty shop was not an "accommodation" that would preclude disability benefits, because the duties of his light-duty assignment were not those of an Electronics Worker, but instead were those associated with the lower-graded position of Material Examiner and Identifier, WG–6912–5. The administrative judge accordingly concluded that Mr. Bracey was eligible for disability retirement benefits.

On OPM's petition for review, the full Board reversed the administrative judge's decision by a 2–1 vote. The Board majority acknowledged that the duties Mr. Bracey performed in his light-duty assignment were not the duties of his official position, but nonetheless concluded that because he had retained the grade and pay of his Electronics Worker position, he was not eligible for disability retirement. The Board held that it was sufficient that the agency "could gainfully employ" Mr. Bracey, even if it "could not do so in his official position of record or within the confines of another officially established position description."

Vice Chair Slavet dissented. She explained that under the governing statute, 5 U.S.C. § 8337(a), a disabled employee is eligible for disability retirement unless the employee is able to render "useful and efficient service in the employee's position" or is qualified for reassignment to an existing vacant position in the agency at the same grade or level. In her view, Mr. Bracey was not rendered ineligible for disability retirement because (1) he was not qualified for reassignment to a vacant position within the agency and (2) he was not rendering "useful and efficient service" in his Electronics Worker position, as the work he was assigned was not within the duties of that position;

## II

The statute governing entitlement to disability retirement under the Civil Service Retirement System provides that an employee is eligible for disability retirement if he becomes disabled after completing five years of civilian service. 5 U.S.C. § 8337(a). The statute defines disability as follows:

Any employee shall be considered to be disabled only if the employee is found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment, under procedures prescribed by the Office, to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service.

*Id.* The pertinent OPM regulation elaborates on the statutory definition by providing that an employee is eligible for disability retirement only if (1) the disabling medical condition is expected to continue for at least one year; (2) the condition results in a deficiency in performance, conduct, or attendance, or is incompatible with useful and efficient service or retention in the employee's position; and (3) the agency is unable to accommodate the disabling condition in the employee's position or in an existing vacant position. 5 C.F.R. § 831.1203(a). The regulation defines "accommodation" to mean "an adjustment made to an employee's job or work environment that enables the employee to perform the duties of the position," and it defines "useful and efficient service" to mean "acceptable performance of the critical or essential elements" of the employee's position. 5 C.F.R. § 831.1202. Read together, the statute and regulation provide that an employee is ineligible for disability retirement in two specific circumstances: (1) if the employee, with appropriate adjustments to the job or work environment, can perform the critical or essential elements of his own position; or

(2) if the employee is qualified for reassignment to a vacant position in the agency at the same grade or level as the employee's current position.

Before the Board, OPM argued that a light-duty assignment constitutes a "position" for purposes of the disability retirement regulations, even if it is not a formally established position, and even if the employee cannot perform the duties of his or her position of record or any established position within the agency. Accordingly, OPM argued that even though Mr. Bracey was not able to perform the duties of his Electronics Worker position and even though he was not reassigned (or qualified for reassignment) to a vacant established position within the agency at the same grade and pay, he was not eligible for disability retirement because the agency was able to find work for him and was willing to retain him at his former grade and pay level.

In this court, OPM has refined its legal argument. It does not contend, as it did before the Board, that Mr. Bracey has been assigned to a new, albeit unclassified, "position" in the agency. Instead, OPM argues that Mr. Bracey has been "accommodated" in his original Electronics Worker position by being given a light-duty assignment, and that he occupies the "accommodated position" of Electronics Worker, even though he is not performing the official duties of the Electronics Worker position. For the reasons set forth below, we conclude that Mr. Bracey cannot be denied the relief he seeks either on the theory that his light-duty assignment constitutes an assignment to a "vacant position" at the same grade and pay, or on the theory that his light-duty assignment constitutes an "accommodation" of his disability in his Electronics Worker position.

## A

■ In response to OPM's argument before the Board that his light-duty position could properly be viewed as a "vacant position" within the meaning of 5 U.S.C. § 8337(a), Mr. Bracey argues that his light-duty assignment was not a "posi-

tion"—and therefore not a "vacant position"—because it was not formally described, classified, or graded. We agree with Mr. Bracey that OPM's argument fails, because the term "vacant position" in section 8337 refers to an officially established position that is graded and classified, not to an informal assignment of work that an agency gives to an employee who cannot perform the duties of his official position.

■ A "position" in the federal employment system is required to be classified and graded in accordance with the duties, responsibilities, and qualification requirements associated with it. The "resulting position-classification system" is "used in all phases of personnel administration." 5 U.S.C. § 5101(2). We are aware of no setting in the federal employment system in which an employee is considered to hold a "position" consisting of a set of ungraded, unclassified duties that have been assigned to that employee on an ad hoc basis, and the government has not called our attention to any instance in which the term "position" is used in that manner. As Vice Chair Slavet pointed out, to define the term "vacant position" in that manner would be fundamentally inconsistent with the highly formalized federal personnel system in which hiring, compensation, evaluation, and retention decisions are all made based on the classifications, grades, and performance elements of formally established "positions."

Moreover, the statutory scheme established by section 8337(a) would be unworkable if "vacant position" were defined to mean simply a set of duties selected on an ad hoc basis to fit the needs of a particular disabled employee. It would be impossible to determine whether the employee could provide "useful and efficient service" in the vacant position, as required by section 8337(a), without a formal description of the duties of the position, including the critical or essential elements of the position, against which to measure the employee's performance. *See* 5 C.F.R. § 831.1202

(defining "useful and efficient service" in terms of performance of the critical or essential duties of the employee's position). Similarly, a "vacant position" must be graded in order to determine whether it is "at the same grade or level," as required by section 8337(a) and 5 C.F.R. § 831.1202 (defining "vacant position" as "an unoccupied position of the same grade or pay level and tenure"), and to determine whether the employee is "qualified for reassignment" to that position, *see* 5 C.F.R. § 831.1202 (defining "qualified for reassignment" as "able to meet the minimum requirements for the grade and series of the vacant position in question"). Indeed, it would be difficult to determine whether a "vacant position" exists and whether an employee can be reassigned to it except with reference to established positions. The use of the term "vacant" modifying "position" thus supports construing the term "vacant position" to mean something that is definite and already in existence rather than an unclassified set of duties devised to meet the needs of a particular employee who cannot perform the duties of his official position. For those reasons, we conclude that Mr. Bracey was not "qualified for reassignment ... to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service." 5 U.S.C. § 8337(a).

### B

In this court, OPM does not argue that Mr. Bracey's light-duty assignment constituted assignment to a "vacant position." Instead, OPM argues that Mr. Bracey's light-duty assignment constituted an "accommodation" of his disability within his Electronics Worker position and that he was ineligible for disability retirement on that ground. That argument, however, is contrary to the plain terms of the statutory and regulatory scheme.

The Board found, and OPM does not dispute, that because of his medical condition Mr. Bracey was unable to perform the duties of his official Electronics Worker

position and that the light duties to which he was assigned were not those of his official position but "were those of a lower-graded job." OPM's argument thus turns on its contention that it was not necessary for Mr. Bracey to be able to perform the duties of his official position in order for him "to render useful and efficient service" in that position, within the meaning of 5 U.S.C. § 8337(a). Put another way, OPM contends that the assignment of duties different from those of his official position was the "accommodation" that the OPM regulations required the agency to provide in order to enable Mr. Bracey to render useful and efficient service.

■ The problem with that argument is that it runs headlong into the regulatory definitions of "useful and efficient service" and "accommodation." OPM's regulations define "useful and efficient service" to mean "acceptable performance of the critical or essential elements of the position." 5 C.F.R. § 831.1202. The Board's finding that Mr. Bracey did not perform the duties of his official Electronics Worker position, but performed the duties of a lower-graded position, means that he did not perform the "critical or essential elements" of the Electronics Worker position in his light-duty post. He thus was not able to render "useful and efficient service in [his] position," 5 U.S.C. § 8337(a), as that phrase is defined in OPM's regulations.

■ Relying on the regulatory definition of "accommodation," the government contends that Mr. Bracey's light-duty assignment "accommodated" his disability because the agency "restructur[ed] the job" by assigning him to light duty. *See* 5 C.F.R. § 831.1202 (defining "accommodation" to mean "an adjustment made to an employee's job" that includes "restructuring the job"). For that reason, the government argues, Mr. Bracey was ineligible for disability retirement because the Navy was able "to accommodate the disabling medical condition in the position held or in an existing vacant position." *See* 5 C.F.R. § 831.1203(a)(4).

The flaw in the government's argument is that the regulatory definition of an "accommodation" requires that the adjustment made to the employee's job or work environment "enable[ ] the employee to perform the duties of the position," *i.e.*, the employee's official position, in this case the position of Electronics Worker, WG–2604–8. As the Board made clear, however, the purported accommodation did not enable Mr. Bracey to continue to perform the duties of his official Electronics Worker position. The light-duty assignment therefore cannot be considered an "accommodation" as that term is used in the regulations.

The government seeks to avoid the effect of the regulatory definitions by arguing that although Mr. Bracey was not performing the duties of his official Electronics Worker position, he was performing the duties of an "accommodated position," i.e., his light-duty assignment, even though he was never formally reassigned to a new position, and even though he was never given a new set of critical elements by which to measure his performance in the "accommodated position." The government's argument simply cannot be squared with the language of OPM's regulation, which requires that an accommodation enable the employee to perform the duties of "the position." The term "the position" plainly refers to the employee's official position. If the term "the position" referred to an "accommodated position" as the government's argument suggests, the accommodation regulation would be circular: "accommodation" could be achieved by selecting any duties whatsoever, no matter how unrelated to the duties of the employee's official position, and by declaring those duties to be the duties of the "accommodated position." That is not a reasonable interpretation of the regulatory requirement that an "accommodation" be "an adjustment made to an employee's job or work environment that enables the employee to perform the duties of the position."

In short, the statutory and regulatory scheme provides two ways for an agency to retain a disabled employee—by assigning the employee to an established vacant position at the same grade and pay, or by accommodating the employee's disability in a way that enables the employee to perform the duties of his official position. The Navy did neither in this case.

### C

In support of its argument that Mr. Bracey is ineligible for disability retirement, OPM points to provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* and the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq* . The Rehabilitation Act and FECA, OPM suggests, may impose a duty on the employing agency to offer an individual a light-duty assignment in lieu of separation and therefore would conflict with the requirements of section 8337 if that statute is read to authorize disability retirement for an employee who can perform useful work but not within his official position or any other established vacant position in the agency.

Contrary to OPM's contention, nothing in the Rehabilitation Act or its implementing regulations conflicts with our interpretation of the disability retirement scheme. The Rehabilitation Act regulations require that if an employee cannot perform the essential functions of his position even with reasonable accommodation, the agency must reassign the employee to a "vacant position ... at the same grade or level, the essential functions of which the individual would be able to perform with reasonable accommodation if necessary," unless such a reassignment would result in undue hardship to the agency. 29 C.F.R. § 1614.203(g). When an employee cannot perform the essential functions of his position even with reasonable accommodation, "the employee has a duty to identify a vacant, funded position whose essential functions he is capable of performing." *Mengine v. Runyon*, 114 F.3d 415, 420 (3d Cir.1997). An agency is not required to create a light-duty position for the employ-

ee. *See Shiring v. Runyon,* 90 F.3d 827, 831 (3d Cir.1996). Therefore, consistent with the disability retirement statute, the Rehabilitation Act requires an agency to provide an employee with work in an existing position only if such work is available and the employee is able to perform the essential duties of that position.

Indeed, OPM's interpretation of "position" in section 8337 would appear to be contrary to the use of that term in the Rehabilitation Act. If "position" were an informal assignment defined simply by the duties an employee is capable of performing, an employee could construct a suitable "position" and require an agency to implement it in order to avoid violating the Act. The *Shiring* court rejected such an argument, explaining:

> The [light-duty] position to which [Shiring] was temporarily assigned was not an official position, but had been created by the Postal Service to give Shiring something to do on a temporary basis. Therefore, Shiring's suggestion that he would have been qualified to perform the requirements of such a position does not help his case because under the Act employers are not required to create positions specifically for the handicapped employee.

90 F.3d at 831. OPM offers no reason why the word "position" should be read differently in these two related contexts.

OPM's argument based on FECA is also unconvincing. FECA provides that if a government employee is injured on the job, the employee is entitled to certain benefits, including compensation for the injury. One of the conditions of continuing to receive those benefits is that a partially disabled employee must be willing to accept "suitable work" when the agency offers such work. *See* 5 U.S.C. § 8106(c)(2); 20 C.F.R. § 10.515(b). The employee's refusal to accept such work results in termination of his FECA benefits. If the employee's disability renders the employee eligible for disability retirement, however, the employee is free to refuse the offer of such work and to take disability retire-

ment instead of the FECA benefits. The two schemes offer different benefits under different circumstances, and there is nothing anomalous about the fact that an employee may be eligible for one set of benefits while being ineligible for the other.

### D

OPM relies in part on the legislative history of the 1980 amendment to the Civil Service Retirement Act. That amendment overturned a judicial decision, *Cerrano v. Fleishman,* 339 F.2d 929 (2d Cir.1964), in which the court had held that a disabled employee had to take disability retirement because the employee could not perform useful and efficient service in his official position. Congress amended the statute to provide that before the employee is considered to be disabled, the agency must determine that the employee is not qualified for reassignment to a vacant position at the same grade level. *See* H.R.Rep. No. 96–1167, at 206 (1980), *reprinted in* 1980 U.S.C.C.A.N. 5526, 5651. As we have discussed, that provision was not satisfied here because Mr. Bracey was not shown to be qualified for reassignment to a "vacant position" within the agency at the same grade and pay level. Nothing in the legislative history of the 1980 amendment suggests that the agency may avoid disability retirement simply by assigning an injured employee to an ad hoc set of light duties as long as it continues to pay the employee at the same level as before.

We are likewise not persuaded by OPM's argument of congressional acquiescence. OPM contends that it has interpreted the statute consistently for years and that if Congress had disagreed with that construction, it would have altered it. As we have indicated, the plain language of OPM's regulations suggests an interpretation of the statute that is quite the opposite of the interpretation OPM has offered here. We are unwilling to assume that Congress, if it adverted to this issue at all, read past OPM's regulations, discovered OPM's actual practice under those regula-

tions, and gave its tacit approval to that practice by failing to amend the disability retirement statutes.

As we have noted, the problem with OPM's legal theory lies principally in OPM's own regulations. If OPM is persuaded that the statute should be read to permit the kind of informal light-duty assignment that occurred in this case as a means of avoiding disability retirement, it should revise its regulations accordingly. The Board—and this court—would then be required to determine whether OPM's interpretation of the statute was reasonable, a determination that would then not be skewed by regulatory language squarely at odds with OPM's litigating position.

### E

OPM's final argument is that this case involves a factual inquiry that is outside this court's jurisdiction under *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). *Lindahl* holds that 5 U.S.C. § 8347(c) bars this court from reviewing "the factual underpinnings of ... disability determinations," 470 U.S. at 791, 105 S.Ct. 1620, but does not bar review of legal questions, such as whether OPM and the Board have misapplied a statute or committed some error "going to the heart of the administrative scheme," *id.* In this case, there is no dispute about the pertinent facts, and certainly no dispute about the "factual underpinnings" of the determination that Mr. Bracey was disabled. OPM and the Board both found that Mr. Bracey's medical condition rendered him incapable of performing the duties of his Electronics Worker position and that his duties in his light-duty assignment were not those of his official position. We accept those findings, which the government does not challenge. Accordingly, we have not reviewed the "factual underpinnings" of a disability determination, but have addressed only the issue of the proper construction of the pertinent statute and regulations to a case in which the facts are undisputed. Our review of the legal issue in this case is thus entirely consistent with *Lindahl*.

Based on our analysis of the CSRS disability retirement scheme, we are satisfied that Mr. Bracey is not disqualified for disability benefits by virtue of his assignment to the light-duty shop. We therefore reverse the order of the Merit Systems Protection Board and remand the case for further proceedings relating to Mr. Bracey's disability retirement application.

*REVERSED and REMANDED.*