NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3360

SUSAN D. STARKS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: February 13, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Petitioner Susan D. Starks ("Starks") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming the Office of Personnel Management's ("OPM") denial of Starks' request for disability retirement. We affirm.

BACKGROUND

Starks suffered shoulder and wrist injuries in 1996 while employed by the United States Postal Service ("USPS") as a letter carrier. After medical treatment, in 1998 Starks accepted the position of Rehabilitation Letter Carrier ("RLC"), which had duties consistent with her medical restrictions. She continued in that position until she stopped reporting to work on December 18, 1999. Starks applied for disability retirement pursuant to the Federal Employee Retirement System ("FERS") on March 16, 2000, and

OPM denied the application, concluding that Starks' medical conditions did not qualify her for disability retirement. Starks was removed due to disability effective May 7, 2001.

Starks appealed OPM's denial of her disability retirement application to the Board, and the Administrative Judge ("AJ") affirmed on June 18, 2002. The full Board remanded to OPM with instructions to determine whether the RLC position was an accommodation in the light of Bracey v. Office of Personnel Management., 236 F.3d 1356 (Fed. Cir. 2001), and Ancheta v. Office of Personnel Management., 95 M.S.P.R. 343 (2003). OPM again denied Starks' application, and the AJ affirmed. The AJ agreed with OPM that the RLC position was an accommodation of Starks' medical restrictions within her position as "City Carrier" under 5 U.S.C. § 8451, 5 C.F.R. § 844.103, and Bracey, because it allowed her to perform the "essential elements" of the "City Carrier" position. Because Starks was removed on the basis of disability, the AJ applied the presumption of entitlement to disability retirement established in Bruner v. Office of Personnel Management., 996 F.2d 290, 294 (Fed. Cir. 1993), but nevertheless concluded that Starks was ineligible. The AJ found that the government rebutted the Bruner presumption by producing sufficient evidence that, as accommodated, Starks' medical conditions did not prevent her from performing her duties. The AJ's decision became the final decision of the Board when the full Board denied review on July 20, 2005. Starks timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

In general, we affirm the Board's decision unless it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). However, in disability retirement appeals, we lack jurisdiction to review the factual underpinnings of disability determinations and are limited to evaluating whether such determinations involved "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985) (internal quotation marks omitted); Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995).

Starks argues that the Board incorrectly interpreted the statute under Bracey and Ancheta. In Bracey, 236 F.3d at 1360-61, we held that accommodation bars disability retirement under the Civil Service Retirement System only if it allows performance of the "critical or essential elements" of the employee's position. In Ancheta, 95 M.S.P.R. at 349-54, the Board held that the same rule governed under USPS regulations. We conclude that the Board did not misinterpret the statute in holding that the RLC position was a valid accomodation because it allowed Starks to perform the "essential elements" of her "City Carrier" position -- casing and delivering mail -- and that Starks was thus ineligible for disability retirement.

Starks' other contentions, including her arguments that she was unable to perform the essential duties of her "City Carrier" position even with the accommodation and that she was denied due process because she was not allowed to present certain

evidence regarding her psychological conditions, are, in substance, challenges to the factual underpinnings of the Board's disability determination. We are without jurisdiction to review the Board's factual determinations. <u>See</u> <u>Smith v. Office of Pers. Mgmt.</u>, 784 F.2d 397, 399-400 (Fed. Cir. 1986).

For the foregoing reasons, the Board's decision is affirmed.

No costs.