# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

BRYAN K. PRATHER,

       Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

       Agency.

DOCKET NUMBER
DE-844E-21-0025-I-1

DATE: March 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leah B. Kille</u>, Esquire, Lexington, Kentucky, for the appellant.

<u>Jo Bell</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1     The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which reversed the final decision by the Office of Personnel Management (OPM) denying the appellant's application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant's request for interim relief is denied.

¶2     The Board's regulations commit the granting of interim relief to the administrative judge's discretion.  5 C.F.R. § 1201.111(c)(1); *see* 5 U.S.C. § 7701(b)(2)(A)(i).  In this case, the administrative judge denied interim relief. Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 9.  In his cross petition, the appellant requests that the Board nonetheless award interim relief, arguing that the lack of interim payment would cause him a significant financial burden.

Petition for Review (PFR) File, Tab 3 at 8-10. However, there is no authority that provides for requesting interim relief that was not ordered. *See Dean v. Department of the Army*, 57 M.S.P.R. 296, 300 (1993). In any event, the appellant's arguments in this regard are now moot because interim relief is in effect only pending the disposition of a petition for review. *See* 5 U.S.C. § 7701(b)(2)(A); *Garcia v. Department of State*, 106 M.S.P.R. 583, ¶ 7 (2007). Accordingly, we deny the appellant's cross petition.

OPM's petition for review does not provide a basis for further review.

¶3      Under 5 C.F.R. § 1201.56(a)(2), an employee bears the burden of persuasion by a preponderance of the evidence in an appeal from OPM's decision on a voluntary disability retirement application. *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 417 (1981). To be eligible for a disability retirement annuity under FERS, an employee must show that: (1) he completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a deficiency in performance, conduct or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date the application for disability retirement benefits was filed; (4) accommodation of the disabling condition in the position held must be unreasonable; and (5) he did not decline a reasonable offer of reassignment to a vacant position. *Doe v. Office of Personnel Management*, 109 M.S.P.R. 86, ¶ 8 (2008); *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a). On review, OPM argues that the administrative judge erred in finding that the appellant established requirement (4) by a preponderance of the evidence.

¶4      In *Bracey v. Office of Personnel Management*, 236 F.3d 1356 (Fed. Cir. 2001), the U.S. Court of Appeals for the Federal Circuit held that, for purposes of determining eligibility for disability retirement under the Civil Service Retirement System, an accommodation precludes disability retirement only if it

(1) adjusts the employee's job or work environment, enabling him to perform the critical or essential duties of his position; or (2) reassigns the employee to an established, vacant position at the same grade and pay. *Id*. at 1358-59. The court found that, in that case, the employee's assignment to a light-duty position did not constitute an accommodation because he did not perform the "critical or essential elements" of the position but performed lower-graded duties instead. *Id*. at 1360-61. The court further concluded that the assignment did not constitute a reassignment to a vacant position since the light-duty assignment consisted of a "set of duties selected on an ad hoc basis to fit the needs of a particular disabled employee" and was not a definite, preexisting position that was classified and graded according to its duties, responsibilities, and qualification requirements. *Id*. at 1359-60. In *Marino v. Office of Personnel Management*, 243 F.3d 1375, 1377 (Fed. Cir. 2001), the court extended the holding of *Bracey* to disability retirement applications under FERS.

¶5        OPM argues that, because the record does not provide the details of the light-duty assignment the Department of Homeland Security (DHS) offered the appellant, it is unknown whether it would have permitted the appellant to perform the critical or essential elements of his position. PFR File, Tab 1 at 8. Hence, OPM reasons, the appellant failed to show by preponderant evidence that the accommodation was not reasonable. *Id*. However, in an email memorializing the offer, the appellant specified that DHS had verbally offered to allow him "to return to work on a light duty status *to perform ad hoc duties*." IAF, Tab 7 at 167 (emphasis added). The appellant's characterization of the offer, which remains unrebutted, supports an inference that DHS did not propose an adjustment to his job or work environment that would have enabled him to perform the duties of his actual position. In any event, the administrative judge did not rely solely on *Bracey*, but further found, based on the medical documentation, the appellant's testimony, and his position description, that reasonable accommodation was impossible, particularly given the appellant's limitations on computer work and

his inability to read and comprehend at his pre-November 2019 level. *See* ID at 7-8. We discern no error in that portion of the analysis, and OPM does not challenge it on review. Accordingly, we deny the agency's petition.

¶6      We ORDER OPM to approve the appellant's application for disability retirement beginning his last day in pay. OPM must complete this action no later than 20 days after the date of this decision.

¶7      We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶8      No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.