NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MICHAEL G. MARTINEZ,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2023-2394

_____

Petition for review of the Merit Systems Protection Board in No. DA-844E-21-0160-I-1.

_____

Decided: March 7, 2024

_____

MICHAEL GARY MARTINEZ, San Antonio, TX, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ALBERT S. IAROSSI, PATRICIA M. MCCARTHY.

_____

Before DYK, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Michael G. Martinez appeals a decision of the Merit Systems Protection Board ("board") affirming the denial of his application for disability retirement benefits.  For the reasons discussed below, we dismiss his appeal for lack of jurisdiction.

## I. BACKGROUND

In August 2006, Martinez suffered a work-related lumbar injury while he was employed as a police officer with the U.S. Army.  Appx. 2, 95–96.[*]  Martinez was removed from his position because of "[m]isconduct" in September 2008.  Appx. 93.  On March 25, 2012, the Social Security Administration ("SSA") approved Martinez's application for SSA disability benefits.  Appx. 87.

On December 9, 2019, Martinez reported for his first and only day of work as a Military Pay Technician with the Defense Finance and Accounting Service ("DFAS").  Appx. 2, 26.  During his first day, Martinez signed documents and was sworn in but did not otherwise perform any duties of his position.  Appx. 2, 27, 76.  Martinez resigned from his position effective December 10, 2019.  Appx. 57, 76, 85.

On December 18, 2019, Martinez filed an application with the Office of Personnel Management ("OPM") seeking to obtain Federal Employees' Retirement System ("FERS") disability retirement benefits.  Appx. 82–83.  In his application, Martinez asserted that his medical conditions were "exacerbated by partaking in a full time work day schedule" and that he had been unable to sit or stand for an extended period of time due to chronic pain.  Appx. 82.

On March 17, 2020, OPM issued an initial decision denying Martinez's application, stating that he did not meet the criteria for disability retirement benefits because

---

[*]    "Appx." refers to the appendix filed with the government's informal brief.

his medical conditions were present prior to the time he started work at DFAS. Appx. 71–72. OPM concluded, moreover, that Martinez had failed to show that his medical conditions worsened during his one day of work at DFAS. Appx. 72. After OPM affirmed its initial decision, Appx. 75–78, Martinez appealed to the board.

On July 8, 2021, an administrative judge affirmed OPM's decision to deny Martinez's application for FERS disability retirement benefits. *See* Appx. 1–11. The administrative judge determined that Martinez "had a pre-existing medical condition" and that he had "failed to demonstrate that, during his one day of employment with DFAS, his pre-existing condition worsened to the point that he was not able to perform the duties of the Military Payroll Technician position." Appx. 10. The board subsequently denied Martinez's petition for review of the administrative judge's initial decision, stating that it found "it highly unlikely that [Martinez's pre-existing medical] conditions were not disabling until he showed up for a single day of sedentary work on December 9, 2019." Appx. 13. Martinez then filed a timely appeal with this court.

## II. DISCUSSION

Our jurisdiction to review board decisions is circumscribed by statute. *See* 5 U.S.C. § 7703(c); *Marino v. OPM*, 243 F.3d 1375, 1376–77 (Fed. Cir. 2001). We can set aside a decision of the board only if it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

This court's authority to review board decisions is further restricted in cases involving FERS disability retirement benefits. *See* 5 U.S.C. § 8347(c); *Lindahl v. OPM*, 470 U.S. 768, 791 (1985); *Reilly v. OPM*, 571 F.3d 1372, 1376

(Fed. Cir. 2009).  In such cases, we are prohibited from reviewing the "factual underpinnings" of a decision to deny an application for disability retirement benefits.  *Lindahl*, 470 U.S. at 791.  We are, however, vested with authority "to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination."  *Id.* (citation and internal quotation marks omitted); *see also Vanieken–Ryals v. OPM*, 508 F.3d 1034, 1038 (Fed. Cir. 2007) (explaining that this court "may only address the critical legal errors, if any, committed by the [board] in reviewing OPM's decision").

On appeal, Martinez asserts that the report he submitted from his physician, Michael A. Velasquez, M.D., was sufficient to demonstrate that his pre-existing medical conditions worsened significantly during his employment with DFAS.  Pet. Inf. Br. 2; Pet. Inf. Reply Br. 2–4.  According to Martinez, "the board failed to fully consider the opinion of Dr. Velasquez when [it] concluded that [his] opinion was not persuasive in light of other evidence."  Pet. Inf. Reply Br. 2.  In support, Martinez asserts that Velasquez's report "clearly explain[ed]" how "the stress of basic daily work activities," such as "sitting, standing, twisting, [and] walking," while he was employed at DFAS on December 9, 2019, "exacerbated [his] current diagnosed conditions to a severe level of bilateral pain, paresthesia, and weakness."  Pet. Inf. Reply Br. 4.

The board, however, carefully considered the evidence in the record, including Velasquez's report, but determined that it was insufficient to establish that Martinez "became disabled on December 9, 2019, or that his condition worsened while he was employed as a Military Payroll Technician."  Appx. 10.  In this regard, the board noted that Martinez had been diagnosed with lumbar radiculopathy, degenerative spondylosis, and lumbar strain prior to the time he began work at DFAS and that the SSA had

awarded him disability benefits after concluding that he became disabled on April 15, 2011. Appx. 7. Additionally, while the board acknowledged Velasquez's medical report, it determined that it was "conclusory" and "fail[ed] to set forth any explanation or findings demonstrating how [Martinez's] specific activities on December 9, 2019, exacerbated his condition." Appx. 10. We are without authority to review the board's factual findings on physical disability questions or to reweigh the evidence it evaluated. *See Vanieken–Ryals*, 508 F.3d at 1040 (stating that "[g]iving little weight to specific evidence because of its individual failings, such as the lack of qualifications of the author of a particular medical report, is a factual analysis over which we have no jurisdiction to review").

Martinez, moreover, does not identify any "critical legal errors," *id*. at 1038, committed by the board in reviewing OPM's decision to deny his application for disability retirement benefits. *See Reilly*, 571 F.3d at 1377 (emphasizing that "in the rare case where the petitioner alleges that the agency committed legal errors of sufficient gravity, we have jurisdiction to review the [b]oard's decision"); *Bracey v. OPM*, 236 F.3d 1356, 1363 (Fed. Cir. 2001) (explaining that this court can review whether the statutes and regulations related to disability retirement benefits have been properly construed). Nor does he point to any "substantial departure from important procedural rights," *Lindahl*, 470 U.S. at 791 (citation and internal quotation marks omitted), in the board's proceedings. Thus, because Martinez challenges only the factual underpinnings of the decision to deny his application for FERS disability retirement benefits, we lack jurisdiction over his appeal.

## III. CONCLUSION

Accordingly, the appeal from the decision of the Merit Systems Protection Board is dismissed.

**DISMISSED**