**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN B. HAMMOND,
           Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
           Agency.

DOCKET NUMBER
PH-844E-19-0393-I-1

DATE: July 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Leah Bachmeyer Kille</u>, Esquire, Lexington, Kentucky, for the appellant.

<u>Albert Pete Alston, Jr.</u> and <u>Linnette Scott</u>, Washington, D.C., for the
    agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying his application for Federal Employees' Retirement System (FERS)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

disability retirement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a WG-10 Wood Crafter for the Department of the Interior's Harper's Ferry National Historical Park, Division of Planning and Facility Management. Initial Appeal File (IAF), Tab 8 at 18. The appellant's duties involve carpentry projects related to the repair, improvement, maintenance, and preservation of facilities and historic structures within the park. *Id*. at 113. A Wood Crafter is a physically demanding position, which involves, in relevant part, work on ladders, scaffolding, and slopes throughout the park's hilly terrain. *Id*. at 113-15.

In November 2015, the appellant sought medical treatment to relieve longstanding but worsening pain in his left foot, attributable to a congenital bone deformity. *Id*. at 137-39. The appellant underwent surgery on March 10, 2016, and took leave until August 2016, when he returned work with restrictions of no working on ladders, inclines, or heights, and no lifting more than 40 pounds. *Id*.

128, 133-36. The agency provided the following accommodations for the appellant's condition: A man lift or scissor lift would be available in lieu of ladders or scaffolding, he would be driven to and from work sites that would otherwise require walking over more than 20% grade, and leave would be granted if there was no work available within his restrictions. *Id*. at 101-02.

On May 16, 2017, the appellant sustained a bone fracture in his left foot while working on uneven ground, and he again took leave from work until July 24, 2017, when he returned with the same restrictions as before.[2] *Id*. at 116-25.

On or about October 5, 2017, the appellant filed an application for FERS disability retirement, citing the condition of his left foot (fourth metatarsal fracture, triple arthrodesis foot fusion, tarsal coalition, arthritis, and narrowing of tibiotalar joint) and stating that it affected his ability to climb stairs and ladders, stand for prolonged periods, and work on uneven ground, and that it negatively affected his mood. *Id*. at 86-99. OPM denied the application, finding that the appellant was not disabled from providing useful and efficient service as a Wood Crafter. *Id*. at 56-61. The appellant requested reconsideration, and on July 19, 2019, OPM issued a final decision affirming its denial of the appellant's application. *Id*. 22-37.

The appellant filed a Board appeal, and after a hearing, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 21, Initial Decision (ID). He found that the appellant failed to show that his medical condition caused a deficiency in performance, attendance, or conduct, or that his condition was incompatible with useful and efficient service or retention in the Wood Crafter position. ID at 17-22.

The appellant has filed a petition for review, consisting of a letter from the park Superintendent that recounts some additional facts about the appellant's

---

[2] The appellant alleged that his supervisor ordered him to perform this work even though it was outside his medical restrictions. IAF, Tab 8 at 87. The injury was ruled compensable. *Id*. at 76, 93.

work history and disputes the accuracy of some of the witness testimony. Petition for Review (PFR) File, Tab 1. OPM has filed a substantive response. PFR File, Tab 3.

## ANALYSIS

An employee bears the burden of proving by preponderant evidence his entitlement to disability retirement. *Snow v. Office of Personnel Management*, 74 M.S.P.R. 269, 273 (1997); 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for disability retirement benefits under FERS, an individual must meet the following requirements: (1) he must have completed 18 months of creditable civilian service; (2) he must, while employed in a position subject to FERS, have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the application for disability retirement is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he must not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451; *Lydon v. Office of Personnel Management*, 105 M.S.P.R. 152, ¶ 5 (2007), *overruled on other grounds by Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313 (2012); 5 C.F.R. § 844.103(a). In this case, the chief point of contention is whether the appellant satisfied the second requirement, i.e., whether his foot condition disabled him from rendering useful and efficient service in his position as set forth in 5 U.S.C. § 8451(a)(1)(B) and 5 C.F.R. § 844.103(a)(2).

The administrative judge found that the appellant exhibited no performance deficiencies related to his foot condition. ID at 17-18. The most recent performance evaluation in the file reflects a summary rating of "fully successful" with ratings of either "fully successful" or "superior" for each critical element,

and there was otherwise no evidence of any performance deficiencies.  IAF, Tab 8 at 98, 103-11.  Nor did the administrative judge find a deficiency in attendance. He acknowledged that the appellant took significant amounts of leave in 2016 and 2017 related to his surgery and compensable injury, respectively, but he found that the appellant returned to work thereafter, and these discreet periods of absence did not equate to a deficiency in attendance.  ID at 18-19.  The administrative judge further acknowledged the appellant's statement that the pain in his foot affects his mood and his fear that he might "snap and say the wrong thing and get written up," but he found that the appellant cannot have demonstrated a conduct deficiency based on something that has not happened.  ID at 19.

In the absence of a service deficiency, an employee can establish entitlement to disability retirement benefits by proving that his condition is incompatible with either useful and efficient service or retention in his position. *See Thieman v. Office of Personnel Management*, 78 M.S.P.R. 113, 116 (1998). The key question is whether the employee's condition restricts him from performing critical or essential job tasks.  *See id.*; CSRS and FERS Handbook, ch. 60, § 60A2.1–2(B) (Apr. 1998), https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/c060.pdf (last visited July 25, 2024).  In this regard, the administrative judge recognized that the appellant was restricted from working on ladders, scaffolding, and uneven ground, and thus there were certain tasks that he was unable to perform.  ID at 20-21.  Nevertheless, he found that the appellant remained able to perform most of the duties of his position of record, and that, despite the agency's accommodation of withholding certain tasks outside the appellant's medical restrictions, he continued to perform the duties of a Wood Crafter on a full-time basis.  ID at 21-22; *see Benjamin v. Office of Personnel Management*, 45 M.S.P.R. 187, 190 (1990) (finding that accommodation by way of permanent light duty precludes an award of disability retirement).  The administrative judge

distinguished the instant appeal from other cases in which light duty assignments did not preclude disability retirement because they consisted of ad hoc tasks or work that was not proper to the position of record. ID at 20-21; *see, e.g.*, *Marino v. Office of Personnel Management*, 243 F.3d 1375, 1377-78 (Fed. Cir. 2001); *Bracey v. Office of Personnel Management*, 236 F.3d 1356, 1359-61 (Fed. Cir. 2001); *Brickers v. Office of Personnel Management*, 88 M.S.P.R. 669, ¶¶ 9-12 (2001).

On petition for review, the appellant does not directly contest any of the administrative judge's findings. Rather, the petition consists of a letter from the park Superintendent. PFR File, Tab 1. As OPM correctly argues, the Board generally will not consider evidence submitted for the first time on petition for review absent a showing that it was previously unavailable despite the party's due diligence. PFR File, Tab 3 at 11; *Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶ 7 (2005); *see* 5 C.F.R. § 1201.115(d). We agree with OPM that the appellant has not shown that the information in the Superintendent's letter satisfies this requirement. Although the letter itself postdates the initial decision, the substance of the letter pertains entirely to matters predating the close of the record below. PFR File, Tab 3 at 11; *see Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (finding that, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).

Furthermore, even if we were to consider the information in the Superintendent's letter, it would not provide a basis to disturb the initial decision. The letter describes dysfunction and poor leadership within the Division of Planning and Facility Management, including problems with the Maintenance Supervisor (a witness at the hearing), against whom the appellant had filed a claim of workplace harassment related to the duties he was being assigned. PFR File, Tab 1 at 4-5. However, we find that these matters are immaterial to whether

the appellant meets the legal standard for disability retirement. To the extent that they are directed towards the Maintenance Supervisor's credibility, it is well settled that evidence offered merely to impeach a witness's credibility is not generally considered new and material. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989).

The Superintendent also discusses the availability of the park's man lift and scissor lift for the appellant to use in lieu of ladders and scaffolding. PFR File, Tab 1 at 5. There was some inconsistent testimony on this matter below, with the appellant and another recently retired Wood Crafter testifying that the lifts are often in disrepair and are unsuitable for use in many areas, and the Maintenance Supervisor giving a more optimistic account of the availability and efficacy of these machines. ID at 7-11, 13-14. The Superintendent disputes the Maintenance Supervisor's account. PFR File, Tab 1 at 5. However, the administrative judge found it unnecessary to resolve this dispute of fact; even assuming that there are many elevated projects that the appellant cannot work on because the lifts cannot be used, he is still able to accomplish other Wood Crafter duties within his medical limitations on a full-time basis. ID at 20-21. Likewise, the Superintendent disputes the Maintenance Supervisor's account of the percentage of Wood Crafter duties that the appellant is able to perform. PFR File, Tab 1 at 5. However, regardless of what percentage of the full range of Wood Crafter duties the appellant is able to perform, the record shows that they are sufficient to support his continued full-time employment in that position.

In this regard, the Superintendent disagrees with the Maintenance Supervisor that the Department of the Interior can have contractors or other employees perform the Wood Crafter duties that are outside the appellant's medical restrictions; he opines that this is not a long-term solution and is not a form of reasonable accommodation. PFR File, Tab 1 at 5. The Board has held that using other workers to perform the essential functions of a disabled employee's position is not a form of reasonable accommodation under the

Rehabilitation Act. *Henry v. Department of Veterans Affairs*, 100 M.S.P.R. 124, ¶ 13 (2005). *But see* 5 C.F.R. § 844.102 (stating that accommodation for purposes of FERS disability retirement may include providing personal assistants for the employee in question). However, the fact remains that the agency has chosen to provide such accommodations to the appellant. In the absence of any indication that the agency intends to revoke these accommodations or that the appellant nonetheless cannot perform the duties of a Wood Crafter or another established position of at least the same grade and pay, we discern no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.